Rose Abrams and Melvin Brookman, Esquire, Garnishee, Appellants *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued October 2, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,

Rogers, Blatt, DiSalle and MacPhail. Judges Men-
cer and Craig did not participate.

*D. Bruce Hanes,* with him *Shein & Brookman,* P.A.,
for appellants.

*Joseph F. Lynch,* Deputy Attorney General, for
appellee.

Opinion by Judge DiSalle, November 29, 1979:

This is an appeal from an order of the Court of
Common Pleas for the First Judicial District of Penn-
sylvania, denying Rose Abrams' petition to open
judgment and stay execution.

Ms. Abrams was injured in an automobile acci-
dent on August 2, 1971, and subsequently applied for
and began receiving medical assistance (MA) and
public assistance (PA) from the Department of Pub-
lic Welfare (DPW). In all, she received a total of
some $12,000.00. As a condition to receiving the as-
sistance, she signed two DPW forms agreeing to re-
imburse DPW for its PA and MA out of the pro-

ceeds, if any, of her tort claim. Each form contained a confession of judgment clause empowering DPW to enter judgment against her in the amount of $2,-000.00 plus costs and collection fees. Significantly, each form also contained the following language: "I hereby acknowledge that all legal fees and incidental costs are entirely my responsibility and cannot be charged to the Department of Public Welfare."

Ms. Abrams' attorney, Melvin Brookman, filed a negligence action on her behalf, and eventually obtained a settlement in her favor in the amount of $20,000.00. Following Mr. Brookman's refusal to reimburse DPW in the amount of its claims, DPW filed both confessions of judgment, totalling $4,312.00, the amount which is in dispute here. From an order of the lower court refusing to open judgment, Ms. Abrams has appealed.

Since we believe the lower court quite properly relied on the case of *Charleston v. Wohlgemuth,* 332 F. Supp. 1175 (E.D. Pa. 1971), *aff'd mem.,* 405 U.S. 970 (1972), upholding the constitutionality of the identical forms involved in the instant case, we will affirm on the able opinion of Judge CHALFIN, which can be found at Nos. 1391 and 1392 April Term, 1978, of the Trial Division of the Court of Common Pleas of the First Judicial District of Pennsylvania, filed November 13, 1978.

ORDER

AND Now, this 29th day of November, 1979, the order of the Court of Common Pleas of the First Judicial District of Pennsylvania is affirmed and can be found at Nos. 1391 and 1392 April Term, 1978, of the Trial Division of the Court of Common Pleas of the First Judicial District of Pennsylvania, filed November 13, 1978.