Loretta Jackson, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued October 9, 1980, before Judges MACPHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Richard Weishaupt,* with him *Jonathan M. Stein,* for appellant.

*Joseph F. Lynch,* Deputy Attorney General, for appellee.

Opinion by Judge Williams, Jr., February 18, 1981:

Loretta Jackson (appellant) appeals from two Orders of the Court of Common Pleas which denied petitions to open or strike judgments which were entered against her by the Department of Public Welfare (DPW).

The appellant was injured in an automobile accident on March 10, 1972. She was hospitalized for a month, and unable to work for the next twenty months as a result of her injuries. She retained an attorney to institute an action in tort for damages from the personal injuries which she sustained.

At the time she was injured, the appellant was the head of a household of five children and one grandchild. To provide for herself and these dependents, she applied for public assistance benefits from DPW. She received cash assistance in the amount of $30,531.44 from March 29, 1972 to June 7, 1978; and medical assistance totalling $1692 from March 18, 1972 to April 5, 1972. To secure these benefits the appellant was required to sign two DPW forms, PA 176-K and PA 176-KM, the validity of which forms the basis of her appeal. These forms are reinbursement agreements which obligate welfare recipients to repay cash and medical assistance out of the proceeds of a potential tort claim. Each form contains a confession of judgment.

In January, 1978 the appellant's tort claim was settled for $16,000. On August 25, 1978 DPW filed the two confessions of judgment which the appellant had executed, and judgments were entered against her. She was notified of the entry of these judgments by the Prothonotary of Philadelphia County. After receiving this notice she petitioned the court below to open or strike off the judgments. That court entered Orders denying appellant's petitions in each of the separately

docketed judgments; the appellant appeals from those Orders to this Court.

The appellant's entire argument before this Court is premised upon the invalidity of the DPW forms, PA 176-K and PA 176-KM. We find the appellant's contention of invalidity to be totally without merit.

This very issue was decided by this Court in *Abrams v. Department of Public Welfare*, 47 Pa. Commonwealth Ct. 449, 408 A.2d 223 (1979). The instant case is indistinguishable from *Abrams*, and controlled by our holding therein.

The appellant in *Abrams* was a woman who was injured in an automobile accident, and who subsequently applied for and received medical and cash benefits from DPW. As a condition to receiving these benefits, she also signed DPW forms PA 176-K and PA 176-KM. Subsequently, her attorney obtained a cash settlement of a tort claim, from which DPW sought reimbursement. Ms. Abrams refused to reimburse DPW, and DPW filed the confessions of judgment contained in the forms against her. The court below refused to open the judgment and she appealed to this Court. The basis of her appeal was that she could not constitutionally be required to execute such forms as a condition to receiving public assistance.

This Court refused to void as unconstitutional the DPW forms contested by Ms. Abrams. Our authority for so holding was *Charleston v. Wohlgemuth*, 332 F. Supp. 1175 (E.D. Pa. 1971) *aff'd. mem.* 405 U.S. 970 (1972). The *Charleston* court, relying on *Snell v. Wyman*, 281 F. Supp. 853 (S.D. N.Y., 1968) *aff'd. mem.* 393 U.S. 323 (1969), held that welfare recipients are not deprived of any significant property interest without notice or hearing by being required to execute the DPW reimbursement forms, PA 176-K and PA 176-KM. Both *Snell* and *Charleston* have been affirmed by the United States Supreme Court; thus, they

are dispositive of the constitutional issues in both *Abrams*, and the instant case.

The cases here cited, and the rule of *stare decisis,* demand that we affirm the court below. Therefore, the case at bar being in no way distinguishable from *Abrams*, the Orders of the Court of Common Pleas are affirmed.

### ORDER

AND Now, this 18th day of February, 1981, the Orders of the Court of Common Pleas of Philadelphia County, at Nos. 3990 and 3991 August Term 1978, are affirmed.